COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Peter S. Pearlman
Jeffrey W. Herrmann
Park 80 Plaza West–One
Saddle Brook, New Jersey 07663
(201) 845-9600

WOLF POPPER LLP
845 Third Avenue, 12th Floor
New York, New York 10022
(212) 759-4600

CLARK, HUNT, AHERN & EMBRY
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATHEW ERCOLINE, on behalf of himself and all others similarly situated, | |
| Plaintiff, | No. |
| vs. | <u>CLASS ACTION COMPLAINT</u> |
| UNILEVER UNITED STATES, INC., | <u>JURY TRIAL DEMANDED</u> |
| Defendant. | |

Plaintiff Mathew Ercoline, residing at 30 Brainard Avenue, Medford, Massachusetts 02155, (hereinafter, "Plaintiff"), by his attorneys alleges the following upon information and belief, except for those allegations that pertain to Plaintiff, which are based upon Plaintiff's personal knowledge:

## NATURE OF THE ACTION

1.     Unilever United States, Inc. ("Unilever" or "Defendant") markets and sells ice cream under the Breyers All Natural Original brand, in flavors including Butter Pecan, Cookies & Cream, Extra Creamy Chocolate, Extra Creamy Vanilla, Mint Chocolate Chip, Rocky Road, Natural Vanilla, and Vanilla/Chocolate/Strawberry (collectively, the "Regular Ice Cream"). Unilever also purports to sell a 1/3 reduced calorie version of ice cream under its Breyers All Natural Smooth & Dreamy brand, in flavors including Butter Pecan, Cookies & Cream, Creamy Chocolate, Creamy Vanilla, Mint Chocolate Chip, Rocky Road, Vanilla Bean, and Vanilla/Chocolate/Strawberry (collectively, the "Smooth & Dreamy Ice Cream"). The labels on the Smooth & Dreamy Ice Cream boxes represent that they contain "1/3 fewer calories than regular ice cream." However, in stark contrast to Defendant's representation, a flavor-to-flavor comparison of the calories reveals that Smooth & Dreamy Ice Cream **does not** contain 1/3 fewer calories than Regular Ice Cream. Rather, on average, Smooth & Dreamy Ice Cream contains less than 15% fewer calories than the Regular Ice Cream—far less than the 33% reduction hyped by Defendant.

2.     Defendant's misrepresentation of "1/3 fewer calories" has wrongfully caused, and continues wrongfully to cause, consumers to purchase Smooth & Dreamy Ice Cream. Such misrepresentation has also mislead them into believing, and continues to mislead them into believing, that they are purchasing a product with 1/3 fewer calories than Regular Ice Cream. Such conduct constitutes an unconscionable commercial practice, deception, and fraud in violation of the New Jersey Consumer Fraud Act, as well as a breach of Defendant's express warranty. Moreover, as a proximate result of such conduct, Defendant has been unjustly enriched at the expense of Plaintiff and the other purchasers of Smooth & Dreamy Ice Cream.

## PARTIES

3. Plaintiff Mathew Ercoline is a citizen of the State of Massachusetts. Mr. Ercoline purchased Defendant's Smooth & Dreamy Ice Cream during the Class Period, defined below.

4. Unilever is a Delaware corporation with its corporate headquarters and principal place of business located at 800 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. Unilever conducts a significant amount of business, including marketing and sales of Smooth & Dreamy Ice Cream, in the State of New Jersey.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this class action pursuant to 28 U.S.C. §1332(d). Plaintiff is a citizen of a different state than Defendant and the amount in controversy, exclusive of interest and costs, exceeds $5 million.

6. This Court has personal jurisdiction over Defendant.

7. Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims, including the formulation, implementation and direction of the wrongful conduct alleged herein, occurred in this judicial district.

## CLASS ALLEGATIONS

8. Plaintiff brings claims individually and on behalf the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> All purchasers of Smooth & Dreamy Ice Cream and other Breyers branded ice cream products that were similarly misrepresented as reduced-calorie, from April 6, 2004 to the present (the "Class Period").

9. The members of the Class are so numerous that joinder is impracticable. Thousands of persons have purchased Smooth & Dreamy Ice Cream during the Class Period.

10. Plaintiff's claims are typical of the claims of the entire Class as he purchased Smooth & Dreamy Ice Cream during the Class Period and sustained damages arising out of Defendant's conduct.

11. Plaintiff will fairly and adequately represent and protect the interests of the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4). Plaintiff has no interests antagonistic to those of other Class members. Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this nature to represent him.

12. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class, including, but not limited to:

    (a) whether Smooth & Dreamy Ice Cream contains one third fewer calories than the respective Regular Ice Cream;

    (b) whether Defendant misrepresented material facts in connection with the marketing and sale of its Smooth & Dreamy Ice Cream;

    (c) whether Defendant misrepresented, misled or deceived consumers into believing, or wrongfully suggested, that its Smooth & Dreamy Ice Cream has characteristics, benefits, or qualities which it does not have;

    (d) whether Defendant's acts, practices and misrepresentations in connection with the promotion and sale of its Smooth & Dreamy Ice Cream violate the New Jersey Consumer Fraud Act;

    (e) whether Defendant breached its express warranty that its Smooth & Dreamy Ice Cream contains one-third fewer calories than Regular Ice Cream;

    (f) whether Defendant's acts, practices and misrepresentations in connection with the promotion and sale of its Smooth & Dreamy Ice Cream causes it to be unjustly enriched at the expense of Plaintiff and the other Class members;

    (g) whether Defendant's conduct, as set forth herein, damaged members of the Class and if so, the, the measure of those damages;

    (h) whether Defendant's acts, practices and misrepresentations in connection with the promotion and sale of its Smooth & Dreamy Ice Cream should be enjoined; and

    (i) the nature and extent of any other relief that should be provided.

  13. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged.  Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

  14. Class certification is also appropriate under Federal Rule of Civil Procedure 23(b)(2) because the Defendant has acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.  Defendant's advertising, marketing, labeling and promotional practices were supplied uniformly to all members of the Class.

  15. Class members have suffered, and will continue to suffer, irreparable harm and damages as a result of Defendant's wrongful conduct, if that conduct is not enjoined.

## FACTUAL ALLEGATIONS

16. Unilever has historically marketed Breyers All Natural Original Ice Cream as its Regular Ice Cream. In response to the rising consumer demand for low-calorie, low-fat foods, Unilever introduced a line of ice cream products with fewer calories. In 2009, Unilever reformulated its former "Double Churn Light" ice cream into its Smooth & Dreamy Ice Cream.

17. The Smooth & Dreamy Ice Cream products boldly represent and warrant on the front of the box "1/3 FEWER CALORIES THAN REGULAR ICE CREAM."





18. None of the Smooth & Dreamy Ice Cream flavors contain 1/3 fewer calories than their respective Regular Ice Cream flavors. For example, the Rocky Road Smooth & Dreamy Ice Cream flavor has only 6.7% fewer calories compared to Rocky Road Regular Ice Cream.

19. The table below illustrates the magnitude of Defendant's misrepresentations:

| Flavor | Calories in Smooth & Dreamy Ice Cream | Calories in Regular Ice Cream | Actual Reduction in Calories |
|---|---|---|---|
| Butter Pecan | 130 | 150 | 13.3% |
| Cookies & Cream | 130 | 150 | 13.3% |
| Creamy Chocolate* | 110 | 140 | 21.4% |
| Creamy Vanilla** | 110 | 130 | 15.4% |
| Mint Chocolate Chip | 130 | 150 | 13.3% |
| Rocky Road | 140 | 150 | 6.7% |
| Vanilla Bean† | 110 | 130 | 15.4% |
| Vanilla / Chocolate / Strawberry | 110 | 130 | 15.4% |

\*   Extra Creamy Chocolate flavor in Regular Ice Cream
\*\*  Extra Creamy Vanilla flavor in Regular Ice Cream
†    Natural Vanilla flavor in Regular Ice Cream

20. Thus, on average, Smooth & Dreamy Ice Cream has only 14.2% fewer calories than its Regular Ice Cream counterpart.

21. Plaintiff purchased Butter Pecan and Cookies & Cream Smooth & Dreamy Ice Cream.

22. The "1/3 FEWER CALORIES" misrepresentation on the Smooth & Dreamy Ice Cream boxes is false and misleading.

23. The "1/3 FEWER CALORIES" misrepresentation misleads consumers in general and Plaintiff in particular into believing that the Smooth & Dreamy Ice Cream has one third fewer calories than its Regular Ice Cream counterpart.

24. The "1/3 FEWER CALORIES" misrepresentation on the Smooth & Dreamy Ice Cream boxes causes consumers in general and Plaintiff in particular to purchase Smooth & Dreamy Ice Cream.

25. The "1/3 FEWER CALORIES" misrepresentation is false and constitutes an unconscionable commercial practice, deception, fraud, false promise, and/or misrepresentation in violation of the New Jersey Consumer Fraud Act.

26. A reasonable consumer would understand—and Plaintiff did understand—Defendant's 1/3 comparison on the Smooth & Dreamy Ice Cream box to be between said purportedly reduced calorie version and Defendant's Regular Ice Cream version.

27. Defendant's unconscionable commercial practice, deception, fraud, false promise, and/or misrepresentation complained of herein is made to—and in fact did—induce Plaintiff and other members of the Class to buy Unilever's Smooth & Dreamy Ice Cream.

28. Defendant's unconscionable commercial practice, deception, fraud, false promise, and/or misrepresentation caused Plaintiff and other members of the Class to be damaged.

29. Plaintiff purchased Butter Pecan and Cookies & Cream Smooth & Dreamy Ice Cream on March 25, 2010, in Medford, Massachusetts for $2.99 each.

30. Plaintiff suffered an ascertainable loss of $5.98. Other members of the Class similarly have suffered an ascertainable loss in the amount of the purchase price of Smooth & Dreamy Ice Cream.

31. Plaintiff and other members of the Class would not have purchased the Smooth & Dreamy Ice Cream but for Defendant's misstatement in large print on the box of its Smooth & Dreamy Ice Cream.

32. Plaintiff and other members of the Class have been damaged by the conduct alleged herein.

## **FIRST CAUSE OF ACTION**

### **Violation of New Jersey Consumer Fraud Act**
### **(N.J.S.A. 56:8-1** *et seq.***)**

33. Plaintiff incorporates all of the above allegations by reference as if set forth fully herein.

34. The New Jersey Consumer Fraud Act prohibits "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise" including any sale or distribution of any services.  N.J.S.A. 56:8-2; N.J.S.A. 56:8-1(c), (e).

35. Defendant's sale of its Smooth & Dreamy Ice Cream falls within the purview of the New Jersey Consumer Fraud Act.

36. At all relevant times, Unilever had its headquarters in New Jersey and/or regularly conducted business in New Jersey.

37. Defendant is a "person" within the meaning of the New Jersey Consumer Fraud Act, and as such is prohibited from engaging in deceptive acts and practices.

38. As detailed herein, Defendant's conduct with respect to its promotion, marketing and sale of its Smooth & Dreamy Ice Cream constitutes an unconscionable commercial practice, deception, fraud, false promise and misrepresentation, as well as an omission of material fact including, representing and suggesting to consumers that its Smooth & Dreamy Ice Cream contains one-third fewer calories than Regular Ice Cream, when it does not.

39. Defendant deceived and continues to deceive consumers into purchasing its Smooth & Dreamy Ice Cream by inducing them to believe that it contains one-third fewer calories than Regular Ice Cream.

40. Plaintiff and other members of the Class paid money for Defendant's Smooth & Dreamy Ice Cream. Plaintiff and the Class did not receive the advertised product—the product which Defendant mislead them into believing they were purchasing, i.e., an ice cream with one-third fewer calories—due to Defendant's misrepresentation regarding the reduction in calories in said product. Plaintiff and other members of the Class would not have purchased the advertised products if not for the misrepresentative comparison on the front label. Plaintiff and the Class have suffered an ascertainable loss in the amount of the purchase price as a proximate result of Defendant's conduct.

## SECOND CAUSE OF ACTION

### Breach of Express Warranty
### (N.J.S.A. 12A:2-101 *et seq.*)

41. Plaintiff incorporates all of the above allegations by reference as if set forth fully herein.

42. Plaintiff, and each member of the Class, entered into a contract with Unilever when each purchased Defendant's Smooth & Dreamy Ice Cream. The terms of the contract included the representations, affirmations, and descriptions made by Defendant on the labels of its subject ice cream containers.

43. New Jersey's version of the Uniform Commercial Code provides that an express warranty is created by an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes a part of the basis of the bargain" or a "description of the goods which is made part of the basis of the bargain." N.J.S.A. 12A:2-313.

44. Defendant warranted to Plaintiff and each other member of the Class that its Smooth & Dreamy Ice Cream contained one-third fewer calories than Regular Ice Cream. Defendant breached this warranty because its Smooth & Dreamy Ice Cream did not (and does not) contain one-third fewer calories than the Regular Ice Cream as Defendant warranted, and Plaintiff and the members of the Class were harmed thereby.

45. As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and the members of the Class suffered economic loss.

## THIRD CAUSE OF ACTION

### Unjust Enrichment

46. Plaintiff incorporates all of the above allegations as if fully set forth herein.

47. Defendant has profited and benefitted from Plaintiff's and the Class members' purchase of its Smooth & Dreamy Ice Cream.

48. Defendant accepted payment, directly or indirectly, from Plaintiff and the members of the Class for the purchase of its Smooth & Dreamy Ice Cream.

49. Defendant voluntarily retained these profits and benefits derived from Plaintiff and the Class, with knowledge or with reckless disregard, that Plaintiff and the other members of the Class were not receiving a product of the quality, nature, or fitness that had been represented by Defendant and which Plaintiff and the other members of the Class as reasonable consumers expected.

50. It would be inequitable for Unilever to retain the profits and benefits it received from Plaintiff and the other members of the Class from the sale of its Smooth & Dreamy Ice Cream.

## FOURTH CAUSE OF ACTION

### Injunctive Relief

51. Plaintiff incorporates all of the above allegations, other than those alleging damages as a proximate result of Defendant's misconduct, as if fully set forth herein.

52. Defendant continues to market and sell its Smooth & Dreamy Ice Cream which does not contain one-third fewer calories than regular ice cream.

53. Class members are continually being injured by Defendant's unlawful conduct described herein.

54. Persons seeking lower calorie ice cream are being deceived into believing that they are purchasing a product that contains 1/3 fewer calories than Regular Ice Cream.

55. There is no adequate remedy at law.

56. Such harm will continue unless and until injunctive relief is granted.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendant as follows:

(a) determining that this action is properly brought as a class action and certifying Plaintiff as representative of the Class and his counsel as Class counsel;

(b) awarding Plaintiff and the proposed Class members their damages, trebled**;**

(c) imposing a constructive trust in favor of Plaintiff and the Class upon Unilever's revenues arising from the sale of the Smooth & Dreamy Ice Cream;

(d) awarding restitution and disgorgement of Unilever's revenues to Plaintiff and the proposed Class members;

(e) awarding declaratory and permanent injunctive relief restraining Defendant from continuing the unlawful practices set forth herein;

(f) awarding attorneys' fees and costs and expert fees and reimbursement of costs and expenses incurred in litigating this action; and

(g) granting such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all claims so triable.

DATED: April 6, 2010

        COHN LIFLAND PEARLMAN
        HERRMANN & KNOPF LLP

        By:  *s/ Peter S. Pearlman*
            Peter S. Pearlman
        Jeffrey W. Herrmann
        Park 80 Plaza West-One
        Saddle Brook, New Jersey 07663
        (201) 845-9600

        Lester L. Levy
        Michele F. Raphael
        Matthew Insley-Pruitt
        WOLF POPPER LLP
        845 Third Avenue
        New York, New York 10022
        (212) 759-4600

        William Hunt
        Jeremy Y. Weltman
        CLARK, HUNT, AHERN & EMBRY
        55 Cambridge Parkway
        Cambridge, MA 02142
        (617) 494-1920

        *Attorneys for Plaintiff and the Class*