PETER S. PEARLMAN, ESQ.
COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Park 80 Plaza West-One
Saddle Brook, New Jersey 07663
Tel: (201) 845-9600

WOLF POPPER, LLP
845 Third Avenue
New York, New York 10022

CLARK, HUNT, AHERN & EMBRY
55 Cambridge Parkway
Cambridge, MA 02142

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- -
MATHEW ERCOLINE, on behalf of himself
and on behalf of all others similarly situated,

    Plaintiff,

    v.

UNILEVER UNITED STATES, INC.

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- -

Civil Action No.: 2:10-cv-01747-SRC-MAS

**PRELIMINARY ORDER GRANTING CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES**

WHEREAS, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Parties seek entry of an order preliminarily approving the settlement of this action pursuant to the Settlement Agreement and Release fully executed on September 15, 2010 (the "Settlement" or "Agreement"), which, together with its attached exhibits, sets

forth the terms and conditions for a proposed settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court, having read and considered the Agreement and its exhibits;

NOW, THEREFORE, IT IS ORDERED ON THIS 5th DAY OF Oct., 2010, THAT:

1. This Order incorporates by reference the definitions in the Agreement, and all terms used in this Order shall have the same meanings as set forth in the Agreement.

2. For purposes of the settlement of this Action, the Court has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members.

3. The Court preliminarily approves the Settlement as being within the realm of reasonableness to the Settlement Class, subject to further consideration at the Final Approval Hearing described below, defined as:

> All purchasers in the United States, including the District of Columbia, the territories and possessions of the United States, and/or the Commonwealth of Puerto Rico, of Smooth & Dreamy ice cream products, and other Breyers or Unilever branded ice cream products that were represented as reduced-calorie since April 6, 2004.

4. Regarding the Settlement Class, the Court preliminarily finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are

questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the Plaintiff should serve as Class Representative and the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

5.  The Court approves the form and content of the Class Notice (Exhibits "B" and "C" to the Settlement Agreement). The Court finds that the publication of the Class Notice in the manner, timing, and form set forth in the Agreement satisfies due process. The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Class Members entitled to such Class Notice. The Court authorizes the Parties to make non-material modifications to the Class Notice prior to publication if they jointly agree that any such changes are necessary under the circumstances.

6.  If Settlement Class Members do not wish to participate in the Settlement, Settlement Class Members may exclude themselves. All requests by Settlement Class Members to be excluded from the Settlement Class must be in writing and postmarked on or before twenty (20) days prior to the Final Approval Hearing, and mailed to Cohn Lifland Pearlman, Herrmann & Knopf LLP, 250 Pehle Avenue, Saddle Brook, NJ 07663; and Herrick, Feinstein LLP, 210 Carnegie Center, Princeton New Jersey 08540 (att. Ronald J. Levine). The request shall contain: (1) the member's full name and current address; (2) the quantity and type of ice cream product(s) purchased, and the approximate date of the purchase; (3) a clear statement that the member

3

wishes to be excluded from the Class; and (4) the member's signature. No Request for Exclusion will be valid unless all of the information described above is included.

       7.    Any Settlement Class Member who has not previously submitted a Request for Exclusion in accordance with the terms of this Agreement may appear at the Final Approval Hearing to argue that the proposed, as constituted Settlement should not be approved. However, in order to be heard at the Final Approval Hearing, the Settlement Class Member must make an objection in writing and file it with the Court on or before forty-five (45) days after the publication of the Class Notice (the "Objection Deadline"). To state a valid objection to the Settlement, an objecting Settlement Class Member must include in his/her/its written objection: (i) his/her/its full name, current address, and current telephone number; (ii) the type and quantity of product(s) purchased, the place of purchase and the approximate date of the purchase; (iii) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; and (iv) provide copies of any other documents that the objector wishes to submit in support of his/her/its position. To be valid, an objection also must include a detailed statement of each objection asserted, including the grounds for objection. In addition, any Class Member objecting to the Settlement shall provide a detailed list of any other objections to any class action settlements submitted by the objector in any court, whether state, federal or otherwise, in the United States in the previous five (5) years. If the Class Member has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she/it shall affirmatively so state in the written materials provided in connection with the objection to this Settlement. Any objector may be subject to deposition. Finally,

subject to approval of the Court, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, incentive awards, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon all counsel (designated below) a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") by the Objection Deadline or on such other date that may be set forth in the Class Notice. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. The objection must also be mailed to each of the following law firms, postmarked by no later than the last day to file the objection: Wolf Popper LLP, 845 Third Ave., New York, NY 10022; and Herrick, Feinstein LLP, 210 Carnegie Center, Princeton New Jersey 08540 (att. Ronald J. Levine). Any Settlement Class Member who does not make his/her/its objections in the manner provided herein shall be deemed to have waived such objections and shall forever be foreclosed from making any objections to the fairness, reasonableness, or adequacy of the proposed Settlement and the judgment approving the Settlement. Any responses to the objections shall be filed no later than fourteen (14) days prior to the Final Approval Hearing.

8.     The Final Approval Hearing shall be held on _March 21_, 2011, at _10:00_ .m. at the United States District Court for the District of New Jersey, Newark, NJ to determine whether the proposed Settlement should be approved as fair, reasonable,

5

and adequate, whether a judgment should be entered approving such Settlement, and whether Class Counsel's application for attorneys' fees and for incentive award to Plaintiff should be approved. All papers in support of the Final Approval Hearing shall be filed on or before twenty-one (21) days after the publication of the Class Notice. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

9. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class Members.

SO ORDERED

_____
U.S.D.J.

6