COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
PETER S. PEARLMAN, ESQ.
Park 80 Plaza West-One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
psp@njlawfirm.com

WOLF POPPER, LLP
845 Third Avenue
New York, New York 10022

CLARK, HUNT, AHERN & EMBRY
55 Cambridge Parkway
Cambridge, MA  02142

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATHEW ERCOLINE, on behalf of himself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC.<br><br>Defendant. | Civil Action No.:  2:10-cv-01747-SRC-MAS |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO OBJECTOR
CASSANDRA SABOTA'S MOTION TO RECONSIDER
PRELIMINARY APPROVAL ORDER**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.    INTRODUCTION ................................................................................................. 1

II.    SABOTA HAS NOT ESTABLISHED HER STANDING TO MOVE FOR RECONSIDERATION ......................................................................................... 3

III.    EVEN IF SABOTA WERE A LEGITIMATE OBJECTOR, THIS MOTION TO RECONSIDER IS NOT A PROPER VEHICLE FOR HER OBJECTIONS ..................... 3

IV.    IF THE COURT NEVERTHELESS DECIDES TO ENTERTAIN THIS MOTION, THE OBJECTIONS DO NOT GIVE RISE TO GROUNDS FOR VACATING THE PRELIMINARY APPROVAL ORDER ........................................................................ 5

V.    CONCLUSION .................................................................................................... 8

## TABLE OF AUTHORITIES

**Page**

CASES

Armstrong v. Bd. of School Dirs.,
    616 F.2d 305 (7th Cir. 1980) ...............................................................................................2

DirectTV v. Glaser,
    No. 03-5209 (SRC), 2004 U.S. Dist. LEXIS 27999 (D.N.J. May 13, 2004).......................5

Lee v. Carter-Reed Co., L.L.C.,
    A-38 Sept. Term 2009, -- N.J. --, 2010 N.J. LEXIS 951 (N.J. Sept. 30, 2010)...............5, 6

Leja v. Schmidt Mfg.,
    No. 01-5042 (DRD), 2008 WL 1995140 (D.N.J. May 6, 2008)..........................................5

In re LG/Zenith Rear Projection Television Class Action Litig.,
    No. 06-5609 (JLL), 2009 U.S. Dist LEXIS 13568 (D.N.J. Feb. 18, 2009) .........................7

In re Mercury Interactive Corp. Sec. Litig.,
    618 F.3d 988 (9th Cir. 2010) ................................................................................................4

Mutual Ben. Life Ins. Co. v. Zimmerman,
    787 F. Supp. 71 (D.N.J. 1992) .............................................................................................3

Solo v. Bed Bath & Beyond, Inc.,
    No. 06-1908 (SRC), 2007 WL 1237825 (D.N.J. Apr. 26, 2007).........................................2

In re Traffic Exec. Ass'n – E. R.R.s,
    627 F.2d 631 (2d Cir. 1980)................................................................................................2

United States v. Conway,
    No. 09-4578 (SRC), 2010 U.S. Dist LEXIS 87539 (D.N.J. Aug. 25, 2010) .......................4

Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,
    396 F.3d 96 (2d Cir. 2005)...................................................................................................2

STATUTES AND RULES

D.N.J. L. Civ. R. 7.1(i)....................................................................................................................3

Fed. R. Civ. P. 23........................................................................................................................6, 7

New Jersey Consumer Fraud Act, N.J. Stat. § 56:8-1 et. seq .........................................................1

New Jersey Court Rules, R. 4:32-2(c) ............................................................................................6

Plaintiff Mathew Ercoline ("Plaintiff") submits this memorandum in opposition to the motion of a purported objector, Cassandra Sabota, ("Sabota") to reconsider the Preliminary Approval Order Granting Certification of Class for Settlement Purposes, entered on October 5, 2010. Because the motion is improper as a matter of procedure and has no basis as a matter of substance, it should be denied.

## I.     INTRODUCTION

As a preliminary matter, Sabota does not have standing to move for reconsideration of the Preliminary Approval Order, and even if she did, her motion does not state a basis for reconsideration.

Plaintiff filed this class action against Defendant, Unilever United States, Inc. ("Unilever" or "Defendant"), on behalf of himself and a nationwide class of consumers who purchased Smooth & Dreamy Ice Cream and other Breyers branded ice cream products that were represented as reduced calorie from April 6, 2004, to the present.

Defendant represented on the ice cream labels that the product contained 1/3 fewer calories than regular ice cream. The lawsuit alleges that Defendant misrepresented the calorie content since Smooth & Dreamy ice cream contains, on average, less than 15% fewer calories than Breyers regular ice cream. Plaintiff asserted claims for violations of the New Jersey Consumer Fraud Act, N.J. Stat, § 56:8-1 et. seq. ("NJCFA"), breach of express warranty, and unjust enrichment. Plaintiff and Defendant entered into a settlement (the "Settlement") to resolve this litigation on behalf of a nationwide settlement class (the "Settlement Class"), and on October 5, 2010 this Court preliminarily approved the Settlement.

The Settlement provides real relief to the Settlement Class.  Pursuant to the Settlement, Unilever has agreed to modify the label to clarify the reference to "regular" ice cream which was the subject of this litigation.  The label will now explain that the reference to "regular" is actually to a range of full fat ice creams, and the label will provide the average calories in that range of ice creams.  This relief squarely addresses the issues raised in the litigation and, thus, is fair, adequate and reasonable, and well within the range of possible approval.[1]  Plaintiff determined that this change in the label was an appropriate, fair, and prompt resolution of the litigation. Plaintiff ascertained, during the prosecution of the suit, that both Original and Light Breyers ice creams are sold by Unilever at the same price, so Defendant was not obtaining a premium for (Plaintiff asserts) misleadingly-labeled light ice cream.  Moreover, this Court has questioned whether the purchase price of the ice cream could be an appropriate recoverable loss, even if the products were sold at different prices.  Solo v. Bed Bath & Beyond, Inc., No. 06-1908, 2007 WL 1237825 (D.N.J. Apr. 26, 2007) (Chesler, J.).

As Plaintiff noted in its moving papers, and as was recognized by the Court in entering the Preliminary Order, courts specifically have held that the granting of permission to send out a notice of settlement and hearing thereon, "is not tantamount to a finding that the settlement is fair and reasonable.  It is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." In re Traffic Exec. Ass'n – E. R.R.s, 627 F.2d 631, 634 (2d Cir. 1980) (citing Manual for Complex

---

[1] Sabota questions the release of Unilever's affiliate, Conopco.  This argument has no merit.  It is well-settled that class action settlements can and regularly do release claims against non-parties where the claims against the non-party being released were based on the same underlying factual predicate as the claims asserted against the parties to the action being settled.  See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 109 (2d Cir. 2005).

Litigation § 1.46, at 55 n.10 (West 1977)); Armstrong v. Bd. of School Dirs., 616 F.2d 305, 314 n.13 (7th Cir. 1980), overruled on other grounds by Felzen v. Andreas, 134 F.3d 873 (7th Cir.1998). This Settlement more than satisfied the requirements for preliminary approval.

**II.     SABOTA HAS NOT ESTABLISHED HER STANDING TO MOVE FOR RECONSIDERATION**

Sabota has not even set forth the basis for her claim that she is a proper "objector." Initially, she does not even allege that she has ever purchased the product and, thus, that she is a class member. Further, even had she done so, Paragraph 7 of the this Court's Preliminary Approval Order requires that an objecting settlement class member include in her objection her address and telephone number, the type and quantity of product purchased, and the place and date of purchase in order for the parties to determine the bona fides of her standing to object. She has fulfilled none of those requirements.

**III.    EVEN IF SABOTA WERE A LEGITIMATE OBJECTOR, THIS MOTION TO RECONSIDER IS NOT A PROPER VEHICLE FOR HER OBJECTIONS**

Under the Preliminary Approval Order objections are to be made within 45 days after publication of the class notice. (The class notice had not been published at the time she filed her objections.) Responses to the objections are to be filed by March 7, 2011. Those objections are to be heard at the final approval hearing on March 21, 2011. (Preliminary Approval Order, Par. 7.) By seeking to have her objections heard early, on November 15, 2010, Sabota is in essence trying to get two bites of the apple (assuming she is even a class member entitled to one).

Even had Sabato satisfied the standards to qualify as an objector, she has no standing to move for reconsideration or the Preliminary Approval Order. Nothing in Local Civil Rule 7.1(i) ("Motions for Reconsideration") permits a non-party to file such an application. Sabota is not a

party. She has not appeared in the action, nor has she sought leave to intervene to do so. See Mutual Ben. Life Ins. Co. v. Zimmerman, 787 F. Supp. 71, 74 (D.N.J.), aff'd mem. 970 F. 2d 899 (3d Cir. 1992) (denying motion for reconsideration made by non-party to prior motion). If an objector were permitted to raise objections through a motion for reconsideration, the approval system would be bifurcated into two sets of hearings on objections, and would lead to a rush to the Courthouse for any early objectors, making the system confused and expensive. Further, allowing any absent class member to make any type of motion (other than perhaps one to intervene) when they are not a party to the litigation would lead to utter chaos, with thousands of individuals filing discovery or other motions left and right.

Objectors' challenges to the terms of the Settlement should be heard at the final approval hearing on March 21, 2011, after Plaintiff has submitted its papers in support of final approval. Under the terms of the Preliminary Approval Order, those papers are not due until 21 days after publication of the class notice (Par. 8), which will not be until late November 2010. The support for Plaintiff's application for counsel fees, and other support for the Settlement, will be set forth in those papers.

Thus, contrary to Sabato's argument, even assuming the opinion of the Ninth Circuit in In re Mercury Interactive Corp. Securities Litigation, 618 F.3d 988 (9th Cir. 2010) were binding on this Court, the Preliminary Approval Order conforms fully with that decision since, contrary to the representation by Sabato, objections to the application for attorneys' fees are not due until more than three weeks after the papers in support of final approval are filed. (Under the Preliminary Approval Order, objections are due 45 days after publication of the Class Notice while papers in support of the counsel fee application are due 21 days after publication.)

Further, again even assuming Sabota had standing to move for reconsideration, "material matters" and "controlling issue of law"—which were allegedly "not presented to the Court" (Sabota Brief in Support, p. 1)—are not proper bases for a motion for reconsideration. Reconsideration is "an extraordinary remedy," which is to be granted "very sparingly." United States v. Conway, No. 09-4578, 2010 WL 3359521, at *1 (D.N.J. Aug. 25, 2010) (Chesler, J.). "The word 'overlooked' is the operative term in the rule and it has been interpreted consistently as referring only to facts and legal arguments properly presented to the court at the time the motion on which reconsideration is sought was initially decided." DirectTV v. Glaser, No. 03-5209, 2004 U.S. Dist. LEXIS 27999, at *2 (D.N.J. May 13, 2004) (Chesler, J.) (citations omitted). Reconsideration is not a means by which to obtain a proverbial second bite of the apple. Id. The purpose of this limitation is to prevent parties from filing a second motion, with the hindsight provided by the court's analysis concerning the issues. Leja v. Schmidt Mfg., No. 01-5042, 2008 WL 1995140, at *3, *4 (D.N.J. May 6, 2008) (Debevoise, J.). The very purpose of the motion makes it abundantly clear that it was intended to apply to parties, not third persons who had no involvement in the motion itself. There will be ample time for Sabota to make whatever objection she wishes—providing she has and asserts her standing to do so.

IV.  **IF THE COURT NEVERTHELESS DECIDES TO ENTERTAIN THIS MOTION, THE OBJECTIONS DO NOT GIVE RISE TO GROUNDS FOR VACATING THE PRELIMINARY APPROVAL ORDER**

If the Court nevertheless decides to consider Sabota's objections at this time, those objections do not warrant upsetting the Preliminary Approval Order.

The New Jersey Supreme Court's decision in Lee v. Carter-Reed Co., L.L.C., -- N.J. --, 2010 N.J. LEXIS 951 (N.J. Sept. 30, 2010), cited by Sabota, came down before the Preliminary

5

Approval Order was entered, so it does not represent an intervening change in the law warranting reconsideration. The opinion also addresses the certification of a "New Jersey-only" class, not a nationwide class, as here. Moreover, Lee involves a "credence" good, a drug about which the public could know nothing other than what was represented by the manufacturer and, thus, whose effectiveness could only be known through those representations. The class was certified because the plaintiffs and the amici on appeal asserted "every purported benefit of Relacore claimed by Carter Reed was false [thus] in making a purchase every class member must have been exposed in some way to the false advertising of Relacore…." Id., at *7. This case involves a very different product, ice cream, about which the public generally knows a great deal, and one discrete—albeit important—alleged misrepresentation relating to the relative calories which were expressly stated on the label. The issue here was not whether the product had any efficacy to treat a multitude of conditions about which the public could have no knowledge aside from what they were told by defendant, but whether the label adequately disclosed the standard for comparison for the calorie content. The proposed settlement here serves to clarify the presentation of that important information, providing the consumer with all information needed to make an informed decision as the matter in issue: the relevant standard for comparison.

Sabota claims that the Defendant violated FDA regulations and that plaintiff should have so alleged, but she does not cite a single FDA regulation Breyers even arguably may have violated. Indeed, Defendant raised its compliance with the FDA regulations as a defense.

Sabato's "analysis" of the law of fluid class is flawed. She cites Muise v. GPU, Inc., 371 N.J. Super. 13 (App. Div. 2004) (a case in which the court found the concept of fluid recovery inapplicable) and in doing so materially omits to advise the court that fluid recovery discussed in

Muise is based on that portion of New Jersey class action rule, R. 4:32-2(c), which states: "In any class action, the judgment may, consistent with due process of law, confer benefits upon a fluid class . . . ." Id. at 53.  This section of that rule has no analogue in Rule 23 of the Federal Rules of Civil Procedure.

Finally, the notice provision in the Preliminary Approval Order satisfies the requirements of Rule 23.  USA Today, where the approved summary notice is being published, is the largest newspaper in the United States.  The full notice will also be available on a dedicated website.  Combined, the USA Today and Internet sources of notice are calculated to reach the largest number of class members possible.  See In re LG/Zenith Rear Projection Television Class Action Litig., No. 06-5609 (JLL), 2009 WL 455513, at *2 (D.N.J. Feb. 18, 2009) (single publication has been found to meet the standards of 23(c)(2)).  Under the requirements of the Class Action Fairness Act of 2005, notice of the settlement will also be provided to the United States Attorney General and each of the states' Attorneys General for review.  Indeed, the parties have gone beyond the requirements of Rule 23(b)(2) by providing class members both notice and an opportunity to opt out of the class.  If the Court were to reconsider its preliminary approval, the class members would not have the appropriate opportunity to review and be heard on the merits of the Settlement.

## V. CONCLUSION

For the foregoing reasons, the Court should deny Sabota's motion for reconsideration.

Dated: November 1, 2010

By: *s/Peter S. Pearlman*
Peter S. Pearlman
**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
Park 80 Plaza West-One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
Tel: (201) 845-9600
psp@njlawfirm.com

WOLF POPPER, LLP
845 Third Avenue
New York, New York 10022

CLARK, HUNT, AHERN & EMBRY
55 Cambridge Parkway
Cambridge, MA 02142

*Attorneys for Plaintiff*