# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW ERCOLINE, *et al.*, | Civil Action |
| | No. 2:10-cv-01747 (SRC-MAS) |
| Plaintiffs, | |
| | |
| vs. | Date: March 21, 2011 |
| | Time: 10:00 a.m. |
| UNILEVER UNITED STATES, INC., | Courtroom: 8 |
| | |
| Defendants. | |

---

## REPLY IN SUPPORT OF OBJECTION
## OF THEODORE H. FRANK

---

Theodore H. Frank
CENTER FOR
CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (703) 203-3848
Email: tedfrank@gmail.com

*In pro per*

RECEIVED

MAR 1 0 2011

AT 8:30_____M
WILLIAM T. WALSH, CLERK

Objection of Theodore H. Frank
2:10-cv-01747 (SRC-MAS)

## INTRODUCTION

Putative Class Counsel makes several erroneous statements of law in their brief.

*First*, they contend that *In re GMC Pick-Up Truck*, 55 F.3d 768 (3d Cir. 1995) supports their contention that the silence of the class supports the settlement. Response at 2. This is a sanctionably dishonest misrepresentation of the decision. Frank also cited *In re GMC Pick-Up Truck* on the issue of the silence of the class in his objection, and invites the Court to read the case and decide for itself which party correctly represents the Third Circuit's holding on the question.

*Second*, Frank argued that "[t]he fairness of the settlement must be evaluated primarily based on how it compensates class members for these past injuries." *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 654 (7th Cir. 2006). Putative Class Counsel distinguishes *Synfuel* by arguing that "consumers were not paying a premium for the misleadingly-labeled ice cream" with the apparent implication that there are therefore no injuries requiring compensation. Response at 7. If Putative Class Counsel is contending that consumers were not injured by the mislabeling, that cuts in exactly the opposite direction: if consumers suffered no harm because the alleged mislabeling did not injure them, then consumers realize no benefit when the mislabeling ends, and

Putative Class Counsel's claim serves as an admission that the injunctive relief provides no benefit to the class. Otherwise, their argument is a *non sequitur*.

*Third*, Putative Class Counsel argues that an unreported decision of the Southern District of Illinois overruled the Seventh Circuit on the legal question of whether prospective injunctive relief is a class benefit, even though that boilerplate order did not even mention *Synfuel*. Response at 7-8; Perlman Ex. B. This reflects an enormous misunderstanding of how federal courts work. *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646 (7th Cir. 2006) remains good law, and Putative Class Counsel provides no reason for this Court to disregard it. The two district-court cases Putative Class Counsel cites both predate *Synfuel*, and cannot be considered persuasive refutations.

*Fourth*, Putative Class Counsel claims that *Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003) and *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877 (7th Cir. 2000) are not good law because they predate the Class Action Fairness Act— an ironic claim, given their extensive reliance on pre-2005 cases in their brief. Response at 8. The claim is obviously false: the Class Action Fairness Act speaks out against settlements like this one that award counsel "large fees, while leaving class members with coupons or ***other awards of little or no value***." P.L. 109-2 § 2(a)(3)(A) (emphasis added). Nothing in the Class Action Fairness Act asks

courts to give *less* scrutiny to class action settlements. Putative Class Counsel provide no material reason to disregard *Molski* or *Crawford*, and can cite *no* appellate decision affirming a class-action settlement as self-serving as this one.

*Fifth*, Putative Class Counsel distinguishes *Crawford* because it was a Rule 23(b)(2) class. Response at 8. Not so: *Crawford* explicitly held that the settlement was "substantively troubling" *aside* from "questions of notice and opt-out." 201 F.3d at 882. "Crawford and his attorney were paid handsomely to go away; the other class members received nothing... the fact that one class member receives $2,000 and the other 200,000+ nothing is quite enough to demonstrate that the terms should not have been approved under Rule 23(e)." *Id. Crawford* is directly on point: its settlement even involved similarly worthless prospective injunctive relief. Under *Crawford*, it would be an abuse of discretion to approve this settlement, which actually has the gall to ask for *more* for the representative plaintiff than the amount *Crawford* held was too much as a matter of law.

*Sixth*, Putative Class Counsel argues that the Court should disregard Frank's objection because of a variety of *ad hominem* attacks they make on Frank. Response at 15. But Rule 23(e) says that "*any* class member may object" (emphasis added); it does not restrict the right to object to class members who have political views that the Putative Class Counsel agrees with, and Putative

---

Class Counsel cites no authority for any proposition otherwise. Moreover, Putative Class Counsel misrepresents Frank's views as "anti-class action." Frank has publicly stated his support for class actions. Susan Beck, "A Conversation With Class Action Objector Ted Frank," *American Lawyer* (Mar. 4, 2011), available at http://is.gd/tedfrank_interview.

*Seventh*, Putative Class Counsel also protests that Frank has successfully represented other class members in class action objections. Response at 15. This would seem to cut the other way: the fact that Frank's non-profit project, through *pro bono* representation, has successfully challenged many abusive class action settlements and has won millions of dollars for consumers and shareholders would suggest, as is the case, that Frank is objecting in this case because the settlement is abusive. In any event, Putative Class Counsel cites no law for the proposition that Frank's successful track record discounts his objection in this case. Courts hold the reverse. "Plaintiffs attack many of the Objectors' counsel because they have represented objectors in other actions in the past. This has no greater bearing on the merits of the objections raised than a plaintiff's counsel's experience in filing class action suits speaks to the merits of claims he brings." *True v. American Honda Mot.*, 2010 WL 207338 at *22 (C.D. Cal. 2010).

It is not enough that the settlement happened to be at "arm's length" without explicit collusion between the settling parties; the settlement must be objectively reasonable as well. "Because class actions are rife with potential conflicts of interest between class counsel and class members, district judges presiding over such actions are expected to give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole." *Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781, 785 (7th Cir. 2004). "These concerns warrant special attention when the record suggests that settlement is driven by fees; that is, when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1021 (9th Cir. 1998). *Accord Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) ("If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have obtained."). Thus, in *In re AT&T Corp.*, 455 F.3d 160, 164-65 (3d Cir. 2006), the Third Circuit emphasized that the *Girsh* factors were not an exhaustive list of factors a court should consider when evaluating a settlement.

The Court should apply "heightened scrutiny" when the settlement was achieved before class certification. *In re General Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 807 (3rd Cir. 1995) (citing cases and authority).

This is an abusive class action settlement that gives the class nothing and pays the attorneys and class representative handsomely. As such, it would be a reversible abuse of discretion under Fed. R. Civ. Proc. 23(e) and 23(a)(4) to approve this settlement. The Court should reject the settlement.

Dated:  March 10, 2011

Respectfully submitted,

*/s/ Theodore H. Frank*
Theodore H. Frank
CENTER FOR
CLASS ACTION FAIRNESS
1718 M Street NW
No. 23-6
Washington, DC 20036
Telephone:  (703) 203-3848
Email:  tedfrank@gmail.com

*In pro per*

# PROOF OF SERVICE

I declare that:

I am employed in the state of Virginia.  I am over the age of 18 years and not party to the within action; my office address is 815 S. 18th St, Arlington VA, 22202.

On March 9, 2011, I served the attached:

## REPLY IN SUPPORT OF OBJECTION
## OF THEODORE H. FRANK

__X__   By U.S. Mail to the addressee(s) designated.

WOLF POPPER, LLP
845 Third Avenue
New York, New York 10022

Ronald J. Levine
Herrick, Feinstein LLP
210 Carnegie Center
Princeton, NJ 08540

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 9, 2011.


/s/ Adam Schulman
Adam Schulman