UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

MATHEW ERCOLINE, on behalf of himself and on behalf of all others similarly situated,

    Plaintiff,

v.

UNILEVER UNITED STATES, INC.

    Defendant.

Civil Action No.: 2:10-cv-01747-SRC-MAS

---

## ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, Plaintiff, Mathew Ercoline ("Plaintiff"), has moved for an order finally approving the class action settlement ("Settlement") which was preliminarily approved by Order dated October 5, 2010 ("Preliminary Approval Order") and which Motion was not opposed by Defendant, Unilever United States, Inc. ("Defendant"); and

WHEREAS, the Parties appeared by their attorneys of record at a Final Approval Hearing on March 21, 2011 (the "Final Hearing"), after an opportunity having been given to all Class Members to be heard in accordance with the Court's Preliminary Approval Order, and having given due consideration to the Parties' settlement agreement, including its attached exhibits ("Settlement Agreement"), the Motion, all other papers filed in support of the Settlement by the Parties, all objections to the Settlement, the record in this case, the arguments at the Final Hearing, and all other materials relevant to this matter;

NOW, THEREFORE, IT IS ORDERED THAT:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes of this Litigation, the Court has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court confirms its previous certification, and for purposes of effectuating the Settlement, the Settlement Class is defined as follows:

> All purchasers in the United States, including the District of Columbia, the territories and possessions of the United States, and/or the Commonwealth of Puerto Rico, of Smooth & Dreamy ice cream products, and other Breyers or Unilever branded ice cream products that were represented as reduced-calorie since April 6, 2004.

4. The Court has determined, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff Mathew Ercoline and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

5. Nothing in this Order and Final Judgment, the Settlement Agreement, or any other documents or statements related thereto, is or shall be deemed or construed to be an

admission or evidence of any violation of any statute or law or any liability or wrongdoing by Defendant.

6. Notice of this proposed Settlement has been provided in a manner consistent with the Preliminary Approval Order. Notice was published in the national edition of *USA Today* on October 28, 2010. In addition, the Settlement Administrator established a dedicated website, www.creolinesettlement.com, which posted the Class Notice, as well as other pertinent case documents. In addition, the Settlement Administrator established a toll-free telephone number that Class Members are able to utilize if they have questions about the Settlement.

7. The Court has determined that the Class Notice that has been provided pursuant to the Settlement Agreement and the Preliminary Approval Order (a) provided the best practicable notice; (b) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their right to appear or object to or exclude themselves from the proposed Settlement; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) fully complied with all applicable due process requirements and any other applicable law.

8. The Court has determined that full opportunity has been given to the Class Members to opt out of the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees and expenses, and otherwise participate in the Final Approval Hearing. The Court has considered all of the objections to the Settlement that were submitted by Settlement Class Members and has determined that none warrants disapproval of the Settlement Agreement and/or Plaintiff's request for attorneys' fees and expenses.

9. The Court has carefully considered the materials before it and has made its independent judgment that Plaintiff and the Settlement Class Members face significant risks in the Litigation and that the Parties have reached the Settlement Agreement after vigorous litigation, significant investigation and discovery, and arm's-length negotiations absent collusion. Accordingly, having considered the foregoing, the number of Settlement Class Members who have asked to be excluded from the Settlement, and the level of opposition to the Settlement Agreement, and balancing the costs, risks, and delay of continued litigation against the benefits provided to the Settlement Class by the Settlement set forth in the Settlement Agreement, and based on the Court's own knowledge of the Litigation, the Court finds and concludes that the Settlement is in the best interests of the Settlement Class and is a fair, reasonable, and adequate compromise of the claims asserted in the Litigation.

10. The Settlement, and the terms of Settlement as described in the Settlement Agreement are, accordingly, approved and confirmed as fair, reasonable and adequate to all Settlement Class Members.

11. The Parties are hereby directed to proceed with and implement the Settlement Agreement in accordance with its terms. Defendant shall take all steps reasonable and appropriate to comply with the terms of the Settlement Agreement.

12. The Court dismisses, on the merits and with prejudice, all claims currently pending before it that belong to Settlement Class Members not listed on Exhibit "1" (i.e., those Settlement Class Members who did not request exclusion from the Settlement Class in the time and manner provided for in the Settlement Agreement).

13. As of this date, all Class Members not listed on Exhibit "1" to this Order, which lists the Class Members who requested to opt out of the Settlement, shall be deemed to be

bound by the Order and Final Judgment entered herein, and to have released Defendant from all of the released claims defined in the Settlement Agreement.

14. The Releases set forth in the Settlement Agreement are incorporated herein by reference. As of this date, all Class Members shall be deemed to be bound by the Order and Final Judgment entered herein, and to have released the Plaintiff's Released Persons as set forth in the Settlement Agreement. No Class Member, either directly or representatively, or in any other capacity, shall commence, continue, or prosecute any action or proceeding, against any or all of the Released Parties in any court or tribunal asserting any of the released claims, and are hereby permanently enjoined from so proceeding.

15. The Court, having considered the request of Class Counsel for an award of attorneys' fees and reimbursement of expenses, hereby grants the request and awards Class Counsel attorneys' fees in the amount of $198,751 ($_____) and expenses in the amount of $1,249 ($_____), as the Court finds that the fees and expenses were warranted and fair and reasonable under the factors set forth in this Circuit. The Court also approves the requested Case Contribution Award for Plaintiff, Matthew Ercoline, in the sum of $2,557 ($_____).

16. All Parties are bound by this Final Order and Judgment and by the Settlement Agreement. In the event that the Settlement does not become effective according to the terms of the Settlement Agreement, this Final Order and Judgment shall be rendered null and void as provided by the Settlement Agreement, and shall be vacated.

17. Without affecting the finality of the Final Order and Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the Parties and their counsel, including all Settlement Class Members, and the execution, consummation, administration,

effectuation and enforcement of the terms of the Settlement Agreement, and the terms of this Order and Final Judgment, including entry of any further orders as may be necessary and appropriate. In accordance with Fed.R.Civ.P. 54(b), there being no just reason to delay, the Clerk is directed to enter this Order and Final Judgment forthwith.

IT IS SO ORDERED

DATED: March 21, 2011

Hon. Stanley R. Chesler, U.S.D.J.